CHRYSLER FIRST BUSINESS CREDIT CORPORATION *vs.* CURT R. FEUER & another.[1] No. 88-P-980. June 20, 1989. *Uniform Commercial Code, Secured transactions. Lien.*

The plaintiff foreclosed on a real estate mortgage given by A. Raymond Cellura and thereafter filed a complaint for interpleader and declaratory relief with respect to the disposition of surplus funds from the sale of the real estate. The only contestants are the Sharon Credit Union (Sharon) and Curt R. Feuer. Each filed a motion for summary judgment. Sharon's motion was allowed, and Feuer appeals from the ensuing judgment.

There is no issue of material fact. Sharon's claim to the surplus is based solely on a Uniform Commercial Code financing statement, see G. L. c. 106, § 9-402, as appearing in St. 1979, c. 512, § 7, covering "home improvements," filed with the registry of deeds for Norfolk County on March 26, 1985. Feuer's claim is founded on a real estate mortgage recorded in the same registry on October 15, 1985.

Sharon argues only that the collateral for its loan was the real estate of Cellura and that the financing statement "has the effect of a mortgage" and entitles it to the surplus. The Uniform Commercial Code explicitly provides otherwise. General Laws c. 106, § 9-104(*j*), as appearing in St. 1979, c. 512, § 7, does not permit the use of a financing statement — "except to the extent that provision is made for fixtures in section 9-313" — to create or transfer "an interest in or lien on real estate." See *First Security Bank* v. *Tholkes*, 169 Mont. 422, 426-427 (1976). See also *Fort Collins Prod. Credit Assoc.* v. *Carroll Dairy*, 553 P.2d 95, 97 (Colo. App. 1976). Sharon says, however, that the provisions of § 9-104(*j*) do not control in the case of credit unions, which are governed in material respects by G. L. c. 171, § 24(D). That statute, as appearing in St. 1980, c. 78, § 3, provides, in pertinent part, that a credit union may make loans to an owner of improved real estate for the purpose of financing an "improvement, repair, alteration, rehabilitation . . . or the purchase and installation of fixtures to be affixed thereto. . . ." The statute further provides that: "Loans made under this paragraph may be secured by a security agreement, financing statement, or a second mortgage on the real estate to be improved, to be recorded in the appropriate registry of deeds."

There is no merit to Sharon's argument. It attempted to secure its loan by a financing statement under the Uniform Commercial Code. See G. L. c. 106, § 9-402. That statement did not in form or substance constitute a mortgage. See G. L. c. 183, § 18 & Appendix Form (5). General Laws c. 106, § 9-104(*j*), precludes the use of a financing statement to acquire an interest in or lien on real estate, except as to fixtures. There is nothing in the choices of security permitted by G. L. c. 171, § 24(D) — security agreement, financing statement, second mortgage — which controls the legal effect of the choice made. In this case, Sharon selected a financing

[1] Sharon Credit Union.

statement which did not give it any interest in the real estate. It could, of course, have insisted on a second mortgage to secure the loan, which would have given it priority over Feuer's later mortgage.

Accordingly, the judgment for Sharon is reversed, and an appropriate new judgment is to be entered for Feuer.

*So ordered.*

*Jeffrey R. Cohen* for Curt R. Feuer.
*Lillian S. Gurvitz* for Sharon Credit Union.